## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **Case No. 3:17-cr-23 (CAR)** |
| **EDWARD VANCE TALLON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

## <u>ORDER</u>

On September 8, 2025, the Court entered a petition alleging a violation of the terms of supervised release by Defendant Edward Vance Tallon, and a warrant was issued for Defendant's arrest. (Docs. 86, 87). Defendant has filed a *pro se* motion to terminate the detainer against him. (Doc. 88). In his motion, Defendant represents that he has been in state custody since October 8, 2025, pursuant to a state probation revocation action, and that he will be released from state custody when his sentence is completed on August 10, 2026. Defendant argues that he is entitled to relief from the pending federal detainer because his supervised release sentence expired on September 9, 2025.

The expiration of Defendant's supervised release does not entitle Defendant to release from the Court's detainer, because under federal law a sentence of supervised release is tolled during the pendency of a revocation petition. The statute governing supervised release provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further

term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i)

Because the Court's warrant was issued in this case before the expiration of Defendant's sentence, he remains subject to the Court's warrant and the detainer from the Marshals Service. Accordingly, Defendant's motion for relief from the detainer (Doc. 88) is **DENIED**.

**SO ORDERED**, this 8th day of July, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge